## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02928-PAB
(Bankruptcy No. 10-33960-MER)

In re:

ALEXANDER N. KIM,
LAURA J. FOSTER,

          Debtors.

_____

ALEXANDER N. KIM,
LAURA J. FOSTER,

          Appellants,

v.

JP MORGAN CHASE BANK, N.A.,
DOUGLAS A. LARSON, Chapter 7 Trustee,

          Appellees.

---

## MOTION FOR STAY PENDING APPEAL

---

Alexander N. Kim and Laura J. Foster ("Debtors"), through counsel, respectfully move this Court for an Order Staying JP Morgan Chase Bank, N.A. ("Chase Bank") from all collection actions, including a foreclosure on a deed of trust, pending the Debtors' Appeal of this Court's March 2, 2018 Order, and Final Judgment of March 9, 2018, and state as follows:

1

## Procedural History

The Debtors originally filed for relief under Chapter 11 of Title 11 of the United States Code on September 21, 2010 with the U.S. Bankruptcy Court for the District of Colorado ("Bankruptcy Court").   On May 9, 2013, the Bankruptcy Court converted their Case to a Case under Chapter 7. *See Bankruptcy Case No. 10-33960-MER, Docket No. 127.*

The Debtors objected to Chase Bank's two proofs of claim in their bankruptcy case. *See Bankruptcy Case No. 10-33960-MER, Docket No. 295.*   On June 21 and 22, 2016, the Bankruptcy Court held an evidentiary hearing on the Debtor's objection. *See Bankruptcy Case No. 10-33960-MER, Docket No. 341.* However, the Bankruptcy Court did not rule on the Objection following the hearing.   Rather, the Bankruptcy Court permitted the parties to submit written closing arguments. *Id.*

On August 3, 2016, while the ruling on the objections was pending, the Debtors filed a Motion to Impose Moratorium on Further Actions by Chase.   *See Bankruptcy Case No. 10-33960-MER, Docket No. 354.*   On August 4, 2016, the Bankruptcy Court ordered a temporary moratorium on all further actions of the Debtors and Chase Bank pending determination of the Moratorium Motion. *See Bankruptcy Case No. 10-33960-MER, Docket No. 355.* Notwithstanding the

Bankruptcy Court's temporary moratorium, Chase Bank proceeded to willfully and intentionally violate the Bankruptcy Court's August 4, 2016 Order.

On August 18, 2016, the Debtors filed their Motion for an Order to Show Cause Why JP Morgan Chase Bank, N.A. Should not be Held in Contempt for Violating this Court's August 4, 2016 Order (the "Contempt Motion"). *See Bankruptcy Case No. 10-33960-MER, Docket No. 361.* As described in the Contempt Motion, on August 12, 2016, counsel for Chase Bank caused a third foreclosure to be commenced with the Public Trustee of Eagle County, Colorado. *See Bankruptcy Case No. 10-33960-MER, Docket No. 361, p. 2.* Chase Bank used entirely different loan documents to commence this foreclosure than the documents produced at the hearing on the Debtors' Objection to Chase Bank's claim, including a copy of a promissory note that did not contain any endorsement from the original holder, Washington Mutual Bank, FA. Chase Bank has never produced these different loan documents in any proceeding before the Bankruptcy Court.

On August 25, 2016, the Bankruptcy Court entered its Order requiring a cessation of all actions regarding the property of the Debtor ("Moratorium Order"). *See Bankruptcy Case No. 10-33960-MER, Docket No. 364.* The Court further held all motions filed after the claims objection in abeyance pending this Court's ruling

on the claims objections, to be reopened after the claims objection was adjudicated. *Id.*

The Moratorium Order remained in effect since that time. The Debtors' Contempt Motion remains unresolved. However, the Bankruptcy Court has scheduled a hearing on the Contempt Motion for September 5, 2018. *See Bankruptcy Case No. 10-33960-MER, Docket No. 533.* On November 15, 2016, the Bankruptcy Court issued its Order on the Debtor's claim objection and the sanctions issues ("Claim Order"). *See Bankruptcy Case No. 10-33960-MER, Docket No. 370.*

The Debtors then appealed the Claim Order to this Court. *See Case No. 10-33960-MER, Docket No. 376.* On March 2, 2018, this Court issued its Final Order and Judgment upholding this Court's Claim Order. *See Civil Action No. 16-CV-02928-PAB, Docket Nos. 27 & 29.* On May 2, 2018, the Debtors filed an appeal of this Court's Final Judgment to the 10th Circuit Court of Appeals. *See Bankruptcy Case No. 10-33960-MER, Docket No. 505.*

On June 11, 2018, the Bankruptcy Court held a hearing on Chase Bank's request for that Court to determine whether the Moratorium Order would remain in effect. *See Bankruptcy Case No. 10-33960-MER, Docket No. 531.* Following the hearing, the Bankruptcy Court ruled that the moratorium would remain in effect for

another 45 days, and permitted the Debtors 45 days within which to file their Motion for Stay Pending Appeal to the 10th Circuit Court of Appeals.  *Id.*

The Debtors then filed a motion for stay pending appeal in the Bankruptcy Court. *See Bankruptcy Case No. 10-33960-MER, Docket No. 539.*  The Bankruptcy Court denied the motion as it asserted that this Court was the proper court to bring the motion under Fed.R.Bankr.P. 8025.  *See Bankruptcy Case No. 10-33960-MER, Docket No. 540.*  The Bankruptcy Court held that "[t]his court has no power to grant a stay pending appeal of the District Court's Order.  Such a request must be sought from the District Court." *Id.* at 2-3.  As result, the Bankruptcy Court's order was not a denial on the merits, rather on jurisdictional grounds.

The Bankruptcy Court relied on its prior decision in *In re Kendall*, 510 B.R. 356 (Bankr. D. Colo. 2014).   In *Kendall*, the defendants sought a stay under Fed.R.Bankr.P. 8005 which was granted by the Bankruptcy Court.  *Id.* at 357.  The parties then appealed the Bankruptcy Court's judgment to the 10th Circuit Bankruptcy Appellate Panel ("BAP"), which affirmed. *Id.* Then, an appeal was taken to the 10th Circuit Court of Appeals. *Id.*  The defendants did not seek a stay of the BAP's order affirming the Bankruptcy Court, nor the mandate issued by the BAP. *Id.*

The Bankruptcy Court held that the stay it issued pending an appeal should

not extend to stay any order of the BAP under Rule 8005. *Id.* at 361-62. Rather, the Bankruptcy Court held that Rule 8017 (now Rule 8025) was the only basis for issuing a stay following the BAP's order and mandate. *Id.* In other words, Rule 8005 governed appeals from the Bankruptcy Court to a higher tribunal, whereas Rule 8017 (now 8025) governs appeals from the higher tribunal to another tribunal. *Id.* at 362.

## Jurisdiction

Given the Bankruptcy Court's Order denying the Debtors' motion for stay pending appeal in that Court, the Debtors file this Motion with this Court. Pursuant to Fed.R.Bankr.P. 8025(b)(1), "[o]n a party's motion and notice to all other parties to the appeal, the district court or BAP may stay its judgment pending an appeal to the court of appeals." Although the Debtors have already filed their Notice of Appeal in the 10th Circuit Court of Appeals (that appeal is now pending – though no briefing has yet been submitted – as Case Number 18-1186) this Court "retain[s] jurisdiction after the filing of a notice of appeal 'over tangential matters [and] ... 'certain ministerial functions in aid of the appeal, such as ... issuing stays or injunctions pending appeal.'" *In re Fross*, 258 B.R. 26, 29 (B.A.P. 10th Cir. 2001) (*quoting Stewart v. Donges*, 915 F.2d 572, 575 n. 3 (10th Cir. 1990) (*quoting* 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper

& Eugene Gressman, Federal Practice and Procedure § 3949 at 359 (1977)). In *Fross* the Court noted that the issue of whether the intermediate court (either the District Court or BAP) hearing an appeal from a Bankruptcy Court had the power to stay its orders after its judgment had been appealed to the 10th Circuit had not yet been resolved. *Id.* at 28. The court noted that while Rule 8017 (now 8025) does not expressly authorize a stay being issued after the appeal is commenced, "[t]he majority of courts that have addressed whether a bankruptcy appellate panel or the district court, sitting as an appellate court in bankruptcy, may consider a motion for stay pending appeal have held that jurisdiction exists despite the fact that a notice of appeal has been filed. (citations omitted)" *see also In re Lambert Oil Co., Inc.*, 375 B.R. 197, 199 (W.D. Va. 2007) ("the clear majority view is that jurisdiction [of the District Court to issue a stay] exists despite the filing of the notice of appeal . . . In light of the recognized inherent power of inferior courts to preserve the status quo pending appeals, the fact that Rule 8017 appears to anticipate a stay prior to the filing of a notice of appeal, does not preclude the opposite.").

Accordingly, this Court has the jurisdiction to consider this Motion. Pursuant to both Bankruptcy Rule 8025(d) and Fed.R.App.P. 8 (and 10th Cir. R. 8), Debtors seek relief first in this Court while reserving the right to seek further relief on the issues presented in the 10th Circuit Court of Appeals if necessary.

## Request for Stay Pending Appeal

Pursuant to Fed.R.Bankr.P. 8025(b), the Debtors must first move for a stay in this Court.  The Debtors seek a stay upon Chase Bank on all actions, including any foreclosure on a deed of trust issued by the Debtors to Washington Mutual Bank, FA, allegedly held by Chase Bank. *Id.*  The decision of whether to grant a motion for stay pending appeal is within the sound discretion of the Court.  *In re Ward*, 184 B.R. 253 (Bankr.D.S.C. 1995).

When deciding whether to exercise its discretion to grant a stay pending appeal, court must consider the following four factors: (1) whether movant will suffer irreparable injury absent a stay; (2) whether nonmoving party will suffer substantial injury if stay is issued; (3) whether movant has demonstrated substantial possibility, though less than a likelihood, of success on appeal; and (4) public interest that may be affected.  *In re Sabine Oil & Gas Corporation*, 551 B.R. 132 (Bankr.S.D.N.Y. 2016). *But see, In re Drislor Associates*, 110 B.R. 937 (D.Colo. 1990)(earlier standard requiring debtor to show likelihood of success on appeal).

1.    Irreparable Injury to Debtors

As to the first factor, the Debtors stand to suffer irreparable injury if a stay is not granted.  If there is no stay, Chase Bank would be free to foreclose on the

Debtor's property.   The result of a successful foreclosure would permit Chase Bank to evict the Debtors.   The Debtors and their minor child, make their home on the second floor of the main building at their property.   Removing the Debtors and their child from the home would disrupt the family's harmony.   *See In re Slater*, 200 B.R. 491 (E.D.N.Y. 1996) (granting stay to prohibit eviction of Chapter 13 debtors pending appeal).   The Debtors have poured their heart and soul into their property over many years.   It is axiomatic that a debtor's home is necessary to an effective reorganization.   *In re Ortiz*, 2008 WL 5157682 (Bankr. D. N.M. August 14, 2008) *citing Grundy Nat'l Bank v. Stiltner (In re Stiltner)*, 58 B.R. 593, 596 n.1 (W.D. Va. 1986). *See also, In re Gleasman*, 111 B.R. 595, 601 (Bankr. W.D.Tex. 1990).

Dispossessing the Debtors now, while the matters remain on appeal, would also have substantial adverse effects on the Debtors' catering business which is conducted at the real property.   The first floor of the main building on the property is devoted to the Debtors' business.   In that space, they have their commercial kitchen and all necessary equipment for their event catering business.   The Debtors purchased all of their non-exempt trade fixtures and equipment from the Estate several years ago.   If Chase Bank forecloses while their appeal is pending, the Debtors would be forced to find a new location for their business and move the

business and commercial kitchen to that location – a series of tasks that would be prohibitively expensive, time consuming, and perhaps not even possible.

Such disruption would result in the inability of the Debtors to generate any income and thus provide for their family.  The complete disruption of their catering business would inevitably result in a lack of adequate cash flow, which even temporarily, would likely force the Debtors to seek public assistance just to put food on the table while they reestablish their business at another location. It would also inevitably result in the loss of some of their clientele, many of whom they have served since they established their catering business in 1995.  In sum, a foreclosure before the 10th Circuit resolves the appeal would cause the Debtors, and their child, to lose their home and potentially result in the loss of their business and income. These injuries would be irreparable.

2.      No Harm to Chase Bank

Conversely, Chase Bank will suffer little or no harm if a stay is imposed.  If, as Chase Bank asserts, it holds a valid deed of trust against the Debtor's property, then it is already adequately secured by the real estate.

The Debtors are maintaining their property, including conducting farming operations on the property with their water rights.   They perform regular maintenance and upkeep to the home and property at substantial expense to

themselves.  The expenses they incur in doing so vastly exceed the real property taxes paid by Chase Bank; the only expense that has been incurred by Chase Bank during the years that it has attempted to obtain title to the property through foreclosure.  Their property is in good condition and does not suffer from any dilapidation.

While the Debtors do not know the current market value of their property, their property is unique in that they have 50 acres of farm land in addition to a 10,000 foot structure (divided between the first floor commercial space and the second floor home).  Generally, real property values have risen in Colorado over the past five years.  Moreover, there is no danger that the Debtors will (or even could) remove the real property from its location.  As a result, Chase Bank will not suffer any substantial injury if a stay is imposed.

3.      Substantial Possibility of Success on Appeal

Since *Drislor, supra,* was decided in 1990, a majority of courts have applied the 'substantial possibility of success' test.  Under this test, the movant must demonstrate "a substantial possibility, although less than a likelihood, of success on appeal." *In re Sabine Oil & Gas Corp.*, 551 B.R. at 142 *(quoting ACC Bondholder Grp. v. Adelphia Comm'ns. Corp.,* 361 B.R. 337, 346 (S.D.N.Y. 2007).  This test is considered an intermediate level between 'possible' and

11

'probable' and is intended to eliminate frivolous appeals.  *Id.* (*citing In re 473 West End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (citing to *Country Squire*, 203 B.R. 182, 184 (B.A.P.2d Cir. 1996))).  The probability of success that a movant must demonstrate in order to obtain a stay pending appeal "is inversely proportional to amount of irreparable injury that [movant] will suffer absent a stay; in other words, 'more of one excuses less of the other.'"  *In re Sabine Oil & Gas Corporation*, 551 B.R. at 146;  *see also Mohammed v. Reno,* 309 F.3d 95, 101 (2d Cir. 2002) ("we see considerable merit in the approach expressed by the District of Columbia Circuit: 'The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors.' Applying this test, that Circuit has granted a stay pending appeal where the likelihood of success is not high but the balance of hardships favors the applicant …" (*citing Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977))); *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153–54 (6th Cir. 1991) ("To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits [as the] probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. … Simply stated, more of one excuses less of the other. This relationship,

however, is not without its limits; … even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits." (citations omitted)).

As set forth above, the amount of harm the Debtors will suffer if a stay is not granted vastly outweighs any harm that Chase Bank might sustain if a stay is granted.  As a result, this Court need only find some substantial possibility of success, or serious questions going to the merits.

The present case clearly meets that substantial possibility of success on the merits standard (indeed, the facts here would even satisfy a higher burden of likelihood success on appeal), and Debtors' appeal is far from frivolous.  Distilled to its essence, the appeal first contends that the decision by the Trial Court, as affirmed by the District Court, is based upon a completely faulty premise stated by the Trial Court in its findings; to wit: "The parties agree the original Note is now lost."  This finding is completely incorrect, because the Debtors contended from the outset of Chase Bank's 2014 foreclosure, as well as their Objection to Chase Bank's claim in the Bankruptcy Case, *that the only competent evidence introduced in either proceeding showed that Chase had never had possession of the Note, and therefore the Note could not have been lost by Chase*.  There was simply no

evidence that Debtors agreed that Chase Bank had the original Note and lost the Note – and a decision premised on that unsupported assumption is in error.

The appeal also contends that the Trial Court and District Court ignored fundamental rules of evidence in relying upon hearsay evidence from Chase Bank's witness as to Chase Bank's possession of the Note, because that witness was incompetent to testify because she had no personal knowledge about anything to which she testified. *See* F.R.E. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Moreover, as there was no evidence that the witness was a "custodian" or "qualified witness" of Chase Bank's records, a business record exception to hearsay was in error.

The Debtors contend on appeal that the Trial Court, in its rulings upon multiple objections by Debtors' counsel to the hearsay and incompetent nature of Chase Bank's evidence concerning the crux issue of Chase Bank's possession of the original note, admitted the evidence with a limiting instruction allowing it to be considered solely for the purpose of showing that documents were contained in Chase Bank's records, rather than for the truth of the matters asserted in the documents. *See e.g.,* Transcript of June 22, 2016, Hearing [Doc. No. 346] at p. 108 line 16 – p. 109 line 8, p. 115 line 18 – p. 116 line 2, page 124 lines 14 –16,

14

and page 147 lines 2-13.  Nonetheless, in reaching its ultimate decision, the Trial Court relied upon the testimony of the Chase Bank's witness and the documents used by her in support of her testimony for the truth of the matter asserted in that testimony: that Chase Bank had possessed and lost the Note. Reaching this ruling in reliance on the evidence admitted with a limiting instruction was error. There is a substantial possibility, if not a likelihood, that the 10th Circuit will reverse the November 15, 2016, Bankruptcy Court Order affirmed by this Court on March 2, 2018.

> 4.    Public Interest Favors Granting a Stay.

As to the public interest, the Debtors have no adequate remedy at law against Chase Bank and cannot be compensated by money damages.  *See In re Grand Traverse Development Co. Ltd. Partnership*, 151 B.R. 792 (W.D.Mich. 1993).   It is axiomatic that every parcel of real property is unique.  *Sportsmans Wildlife Defense Fund v. U.S. Dept. Interior*, 949 F.Supp. 1510, 1523 (D.Colo. 1996).  The Debtors' property is exceptionally unique because it serves as both their home and the center of their business operations.  Money damages are not adequate to replace the Debtor's home and their business, and thus the source of their livelihood. *In re Gleasman*, 111 B.R. at 601.

In addition, Chase Bank has repeatedly violated the Bankruptcy Court's

orders.   Indeed, even while Bankruptcy Court was considering sanctions for its violation of a prior order, Chase Bank again violated the Bankruptcy Court's orders by commencing a third foreclosure using materially different documents that it used in its two prior foreclosures and in the Objection to Claim proceeding in the Trial Court.   *See Bankruptcy Case No. 10-33960-MER, Docket No. 361.* Chase Bank has repeatedly abused the legal process in the District Court, Eagle County, Colorado during its prior attempt at foreclosure by ignoring multiple orders to respond to discovery and to produce the original Note.   *See Bankruptcy Case No. 10-33960-MER, Docket No. 260.*   There is no indication that Chase Bank has any respect for legal process or that they will not engage in abusive behavior in the future.   Permitting Chase Bank to foreclose on the Debtors' real property, absent a stay, would only serve to embolden Chase Bank.

## No Bond is Necessary

Pursuant to Fed.R.Bankr.P. 8025(b)(4), the requirement of that the Debtors post a bond to obtain a stay is not mandatory.  Rather, such matter is discretionary. This Court may fashion a remedy other than requiring posting of supersedeas bond, for stay pending appeal, given the Debtors' current financial condition which prohibits them from obtaining a bond.   *In re Byrd,* 172 B.R. 970 (Bankr.W.D.Wash. 1994).

Here, Chase Bank already has sufficient security - a purported security interest in the Debtor's real property.  The property is not diminishing in value and Chase Bank will not suffer any damage if a stay is imposed.  *In re Sphere Holding Corp.*, 162 B.R. 639 (E.D.N.Y. 1994).  Rather, a stay will maintain the status quo. The prior Orders of the Bankruptcy Court confirm that a bond is not necessary to preserve the status quo and protect Chase Bank. That Court granted its Moratorium Order in August of 2016 without requiring any bond or additional security. Chase Bank did not assert (nor can it) in the Bankruptcy Court that it was materially harmed by the Moratorium for the last two years. By preserving that Moratorium Order in place until now, the Bankruptcy Court has shown that Chase bank is adequately secured by the current status of the property in bankruptcy pending appeals and without an additional bond.

As such, the Debtors request that this Court not require the posting of any bond in order to obtain a stay pending appeal, but instead, simply continue to hold the real property as an asset as security to protect Chase Bank's claim if the appeal is unsuccessful.

### Duration of Requested Stay

The Debtors have perfected their appeal to the 10th Circuit Court of Appeals. As a result, the Debtors assert that any stay granted should remain in effect until

final disposition by the 10th Circuit Court of Appeals. *See Fross,* 258 B.R. at 29 (staying BAP's judgment pending resolution of appeal in the 10th Circuit).

Pursuant to Fed.R.Bankr.P. 8025(b)(2), the Debtors asserts that any stay issued by this Court should exceed 30 days for several reasons.  First, the Appeal to the 10th Circuit has not yet been briefed and resolved.  Thus, it will be several months before the matter is at issue.  The Debtors do not know how long it will take to receive a ruling from the 10th Circuit.

Second, for all of the above reasons, the Debtors assert that this Court should issue a stay until final disposition by the 10th Circuit Court of Appeals. The Debtors should be protected by a stay pending their appeal in the 10th Circuit Court of Appeals.  Permitting Chase Bank to foreclose on their home would be disastrous.  There is no prejudice to Chase Bank in the interim.  If the 10th Circuit upholds this Court's Claim Order, Chase Bank will still be in the same position it is now.

### Reservation of Argument on Appeal

The Debtors also note that the Bankruptcy Court's reliance on *In re Kendall*, 510 B.R. at 361-62, may have been misplaced to deny the Debtors' motion for stay pending appeal made in the Bankruptcy Court.  *In re Kendall* is substantially different than this case.  As noted above, *Kendall* involved a stay granted under

18

Rule 8005.

Here, the Bankruptcy Court issued a moratorium on all actions by the parties, including Chase Bank. The Bankruptcy Court did so under its inherent powers under 11 U.S.C. §105(a). *See In re Alderete*, 412 F.3d 1200, 1206 (10th Cir. 2005) ("Section 105(a) of the Bankruptcy Code establishes the equitable powers of the bankruptcy court."). The 10th Circuit has held that Section 105(a) grants bankruptcy courts the power to "sanction conduct abusive of the judicial process," *see In re Courtesy Inns, Ltd.*, 40 F.3d 1084, 1089 (10th Cir. 1994), and to correct their own mistakes, *see In re Themy*, 6 F.3d 688, 689–90 (10th Cir. 1993). Further, Section 105(a) grants bankruptcy courts the power to enjoin particular actions that will interfere with a debtor's bankruptcy case. *See In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 601 (10th Cir. 1990) (*per curiam*) (noting that "a temporary stay prohibiting a creditor's suit against a nondebtor ... may be permissible").

The Bankruptcy Court's Moratorium Order was issued prior to the ruling on the merits of the Debtors' objection to Chase Bank's claim in November 2016 and prior to any appeal of such order. As such, the Moratorium Order was different than a Rule 8005 Stay, because there was no order to appeal from in the Bankruptcy Court. Only recently, the Bankruptcy Court determined that it did not

have jurisdiction to keep the Moratorium Order in place (something it could not have had the power to do if Rule 8005 and *Kendall* applied).  Consequently, the Bankruptcy Court improperly relied on Kendall in denying the Debtors' motion for stay in that Court. The Debtors therefor reserve the right to seek a ruling on the applicability of *Kendall* to the Debtors' appeals.

WHEREFORE, the Debtors respectfully request that this Court grant this Motion and impose a Stay Pending Appeal without requiring the Debtors to post a bond on this Court's March 2, 2018 Order, and Final Judgment of March 9, 2018, and for such other relief as this Court deems appropriate.

DATED July 26, 2018.                          Respectfully submitted,
                                              BUECHLER & GARBER, LLC

                                              */s/ Kenneth J. Buechler*
                                              _____
                                              Kenneth J. Buechler, #30906
                                              999 18th Street, Suite 1230-S
                                              Denver, Colorado  80202
                                              Tel: 720-381-0045
                                              Fax: 720-381-0382
                                              ken@BandGlawoffice.com

## CERTIFICATE OF SERVICE

I do hereby certify that on July 26, 2018, I caused to be delivered a true and correct copy of the foregoing **MOTION FOR STAY PENDING APPEAL,** via CM/ECF and/or United States Mail, postage prepaid, to the following:

Alexander N. Kim
Laura J. Foster
69 Vista Hi Drive
Carbondale, CO 81621

Craig K. Schuenemann
Cynthia Lowery-Graber
Paul J. Lopach
Bryan Cave Leighton Paisner
1700 Lincoln Street, Ste. 4100
Denver, CO 80203

Douglas Larson
422 White Ave., Ste. 323
Grand Junction, CO 81501

Matthew D. Skeen
P.O. Box 218
Georgetown, CO 80444

Alison Goldenberg
US Trustee 11
Byron G. Rogers Federal Bldg
1961 Stout Street, Ste. 12-200
Denver, CO 80294

*/s/ Sharon E. Fox*

_____
For Buechler & Garber, LLC