**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02928-PAB
(Bankruptcy No. 10-33960-MER)

In re:

ALEXANDER N. KIM,
LAURA J. FOSTER

    Debtors,

---

ALEXANDER N. KIM,
LAURA J. FOSTER

    Appellants,

v.

JPMORGAN CHASE BANK, N.A.
DOUGLAS A. LARSON, Chapter 7 Trustee,

    Appellees.

---

**JPMORGAN CHASE BANK, N.A.'S RESPONSE TO DEBTORS' RENEWED MOTION
FOR STAY PENDING APPEAL**

---

    Creditor, JPMorgan Chase Bank, N.A. ("Chase") by and through its attorneys, hereby provides its Response to Debtors' Renewed Motion for Stay Pending Appeal (the "Motion"), and states as follows:

**I.    INTRODUCTION**

    No grounds exist for a stay in this case. Alexander Kim and Laura Foster ("Debtors") return to this Court, four months after it upheld the Bankruptcy Court's decision on Debtor's claim objection, seeking a stay that would prevent Chase from initiating foreclosure proceedings

12031439.2

during pendency of their appeal to the Circuit Court. Despite this Court's clear rejection of their evidentiary arguments, Debtors contend that those arguments have a substantial possibility of success on appeal. Debtors also suggest that the failure to impose a stay will leave the Debtors homeless and destitute. Both points are defective. Debtors' appeal is based on superfluous points that would require the Circuit Court to find that the Bankruptcy Court committed clear error−which it did not. Additionally, Debtors are months away from being displaced from their Aspen Valley property well in excess of one million dollars that they have occupied without payment for over five years. On the other hand, Chase continues to pay the insurance and the taxes on the Property, charges it will never recover. Debtors do not, and cannot, show that a stay is warranted under the applicable four-part test and the Motion should be denied.

## II.    PROCEDURAL POSTURE

1. Chase filed a Proof of Claim in this matter at Claim No. 7-1 on November 12, 2010 and an amended Proof of Claim at Claim No. 7-2 on February 27, 2013 seeking rights to payments in this bankruptcy matter related to its secured claim against Debtors' property located at 69 Vista High Drive, Carbondale, Colorado (the "Property"). The secured claim is related to a Note and Deed of Trust ("Mortgage Loan") on the Property held by Chase.

2. The Bankruptcy Court granted relief from stay to Chase to pursue foreclosure on September 19, 2013. That relief remains in effect.

3. Debtors filed their Objection to the Claim of JPMorgan Chase Bank, N.A. ("Objection") on September 3, 2015 alleging that because Chase does not currently have physical possession of the Original Note executed by Debtor Alexander Kim on February 22,

2008 (the "Note"), Chase cannot prove that it has standing to hold a claim in the Debtors' Bankruptcy.

4. Following a two day evidentiary hearing on June 21 and 22, 2016 on this and related issues, the Bankruptcy Court ordered the parties to provide written closing statements and afforded both Parties the opportunity to respond to those statements and provide replies in support of their own statements.

5. In August of 2016, while the Bankruptcy Court ruling from the June 2016 hearing was pending, Debtors sought an order from the Court in essence enjoining the foreclosure of the Property because they had received notices from Chase that Chase intended to exercise its rights under the terms of the Mortgage Loan to enforce its security interests with respect to Debtors' Property.

6. On August 4, 2016, the Bankruptcy Court issued a temporary moratorium on further actions by the Parties. Then, on August 25, 2016, the Court issued an Order holding all motions in abeyance and ordering Chase to cease all actions regarding the Property of the Debtors. Specifically, the Bankruptcy Court ordered:

> "[t]he Court finds that it is appropriate to stop all actions regarding property of the Debtor, including sale of real property and foreclosure actions, pending resolution of the claims objection matter currently before the Court. Accordingly, THE COURT ORDERS that the parties cease all actions regarding property of the Debtors until further order of the Court."

7. On November 15, 2016, the Bankruptcy Court issued an Order denying Debtors' Objection to Chase's Claim and holding that Chase has standing to enforce the Mortgage Loan on the Debtors' Property.

3

8. On November 30, 2016, the Debtors filed a Notice of Appeal of the Bankruptcy Court's November 15, 2016 Order which was captioned in this Court as Case No. 16-CV-02928.

9. On March 2, 2018, this Court affirmed the Bankruptcy Court's November 15, 2016 Order. On May 2, 2018, the Debtor's appealed the U.S. District Court for the District of Colorado's March 2, 2018 Order to the Tenth Circuit Court of Appeals in Case No. 18-1186. Briefing has not yet begun.

10. On June 11, 2018 the Bankruptcy Court determined that its moratorium order would expire on July 26, 2018. No stay by the Bankruptcy Court is currently in place.

11. Further, neither this Court nor the Tenth Circuit have issued stays with respect to this matter.

## III.   STANDARD FOR ENTERING A STAY

A party seeking a stay of a bankruptcy court decision pending review of a higher court must make the same showing as other parties seeking a stay pending appeal. *See In re Drislor Associates,* 110 B.R. 937, 939 (D. Colo. 1990). The standard used for determining whether to grant a stay is the same standard used to determine whether to grant a preliminary injunction. *In re Duncan*, 107 B.R. 758, 759 (W.D. Okla. 1988); 9 Collier on Bankruptcy, ¶ 8005.06, pp. 8005–9 (1988). In the Tenth Circuit, a moving party must satisfy specific criteria in order to be entitled to a preliminary injunction. *See Tri–State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351 (10th Cir. 1986). Specifically, the party requesting a stay must establish: (1) the threat of irreparable harm if the stay is not granted; (2) the absence of harm to opposing parties if the stay is granted; (3) any risk of harm to the public interest; and (4) the likelihood of success on appeal. *FTC v. Mainstream Mktng. Servs., Inc.*, 345 F.3d 850, 852

(10th Cir. 2003). In order to establish a likelihood of success on appeal, the party must show "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *McClendon v. Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) (citations omitted).

Contrary to the insinuations in Plaintiff's Motion, the 10th Circuit has not adopted the "substantial possibility" standard for the third factor employed by the New York bankruptcy court in *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 146 (Bankr. S.D.N.Y. 2016). Plaintiff must show a likelihood of success on appeal. *See FTC,* 345 F.3d at 852.

## IV. DEBTORS HAVE FAILED TO SHOW THEY ARE ENTITLED TO A STAY

### A. Debtors Have Shown No Likelihood Of Success On The Merits

Debtors cannot meet the burden to show a stay is warranted. First, there is no substantial or strong possibility of success on the merits of the appeal by the Debtors. As this Court found, Chase's standing to bring a claim in the bankruptcy matter is allowed based on Colorado law and the lost note statute. *See* C.R.S. §4-3-309. The evidence presented in this matter showed that Chase took possession of the original Note in 2009 and that Chase lost the Note but not through the lawful transfer to or seizure by another entity. Chase is entitled to prove it is the holder of the Note through the procurement of a corporate surety bond in lieu of the original Note. *See* C.R.S. §38-38-101(1)(b)(I). A bond is prima facie evidence that the holder of the bond is the holder of the Note with all rights of enforcement. *Id.* Generally speaking, a corporate surety bond is a contract whereby the surety assures the borrower(s) that the holder is the party entitled to enforce the debt. In this matter, Chase has obtained a corporate surety bond and, therefore,

has established by prima facie evidence that it is the holder of the Note with all rights of enforcement therein.

Debtors' Motion asserts that there are evidentiary questions to be addressed in their appeal to the Circuit Court. Debtors also contend that this Court's decision upholding the Bankruptcy Court was in error because the Debtors did not actually agree that Chase had lost their Note. Both of these arguments fail. Even if the Debtors' position was adopted by the Circuit Court, which is highly unlikely, it would not lead to success on the merits. As stated above, Chase holds a lost instrument bond. That bond substitutes for the Note. As the holder of the Note, Chase's claim in the bankruptcy is valid and Debtors' objection to Chase's claim must be overruled.

### B.     Chase Will Be Harmed If A Stay Is Granted

The imposition of a stay will injure Chase because it will result in irreparable economic harm to Chase as a result of its inability to recover damages from the Debtors. If a stay is imposed, Chase's ability to exercise its legal rights pursuant to the terms of the Mortgage Loan between Debtors and Chase will be stayed without compensation. No payments are being made towards Debtors' mortgage. At the time of the filing of Chase's Claim in this matter, the Mortgage Loan was due for October 2009. *See* Chase Proof of Claim, p. 2. At that time, the monthly mortgage payment for the loan was $13,808.58. *Id.* Further, no payments of any amount have been made since August of 2013. To date, Debtors have evaded paying over $1,000,000 in mortgage payments. As the Debtors admitted in the hearing held on June 22, 2016, no payment has been made towards Chase's loan on the property since August of 2013. *See* June 22, 2016 Transcript of Proceedings, p. 186, l. 12 through p. 187, l. 20. Debtors also

acknowledged that property taxes and insurance on the property are escrowed into the Mortgage Loan and, therefore, paid by Chase. *See* June 22, 2016 Transcript of Proceedings, p. 188, ll. 8-13.

Moreover, the continuing economic loss that Chase would suffer, if Debtors are granted stay, would be irreparable. Chase cannot pursue Debtors for damages because of the discharge of the personal liability under the mortgage. Thus, the funds Chase continues to spend on taxes and insurance for the Property as well as its lost opportunity cost are unrecoverable−an irreparable harm. *See Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1473 (8th Cir. 1994) (finding irreparable harm where economic damages cannot be recovered). Because Chase faces irreparable harm, Debtors' Motion should be denied.

### C.     Debtors Exaggerate The Harm They Would Suffer

The alleged harm Debtors reference in their brief is greatly exaggerated and is unlikely to occur before a decision on their appeal. Debtors would like the Court to believe that they will be homeless and destitute tomorrow, if the stay is not granted. Their Motion argues that without a stay Debtors would suddenly be forced to move out of the $1.5 million plus home they have inhabited free of cost for the past five years. That is simply not the case.

Chase's ability to remove Debtors from their home is six months or more away, as Chase must first pursue foreclosure and then likely eviction to gain possession of its collateral. Chase has yet to begin the foreclosure process which in Colorado averages about six months to complete. Meaning that, even if Debtors have not saved a dime in their last nine years of mortgage-free living, they could use the next six months to save for and procure alternate living

and business arrangements. Moreover, it is likely that the Circuit Court will issue a decision on their appeal before they would be forced to leave their home.

Unlike Chase who continues to spend real dollars every day to protect its collateral, Debtor will not to suffer any real harm for the next six months should this Court deny the stay. Debtors will continue to occupy the Property for foreseeable future. Debtors' Motion ignores the true circumstances of the case with the hope that this Court will grant a stay based on sympathy. Debtors' balancing analysis is flawed. The truth is that Debtors cannot show that, "the threatened injury … outweighs whatever damage the proposed injunction may cause the opposing party." *See, Moore v. One West/Indy Mac Bank,* 2010 WL 3398855 (U.S. Dist. Ct. Dist. of Colorado 2010) *citing Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005) and the relief requested should be denied.

### D. Public Policy Favors Denial of Further Stay

Finally, the imposition of a stay that would further extend this case is not in the public's interests. It is in the public's best interests to uphold the terms of a contract between the parties, namely the underlying Mortgage Loan. Nowhere is that public policy more at risk than in this case, where for nearly a decade now Debtors have impeded Chase's ability to exercise its rights. Further stay would only provide the Debtors a greater windfall and serve to encourage other mortgagees to pursue similar litigious efforts to evade paying their mortgages.

WHEREFORE, Chase respectfully requests the Court deny the Motion, refuse to stay the case and provide such relief as may be necessary and appropriate.

DATED this 6th day of August, 2018.

BRYAN CAVE LEIGHTON PAISNER LLP

*s/ Craig Schuenemann*
Craig Schuenemann, #41068
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Tel.: (303) 861-7000
Fax: (303) 335-3778
Email: craig.schuenemann@bclplaw.com
*Attorneys for JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2018, I electronically filed the foregoing **JPMORGAN CHASE BANK, N.A.'S RESPONSE TO DEBTORS' RENEWED MOTION FOR STAY PENDING APPEAL** with the Clerk of Court using the CM/ECF system which will send notification to the following:

Kenneth J. Buechler
Buechler & Garber, LLC
999 18th Street, Suite 1230-S
Denver, CO 80202
Email: ken@bandglawoffice.com

*s/Alicia Berry*
Alicia Berry, Legal Secretary,
Bryan Cave Leighton Paisner LLP

12031439.2