UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02928-PAB
(Bankruptcy No. 10-33960-MER)

In re:

ALEXANDER N. KIM,
LAURA J. FOSTER,

        Debtors.

_____

ALEXANDER N. KIM,
LAURA J. FOSTER,

        Appellants,

v.

JP MORGAN CHASE BANK, N.A.,
DOUGLAS A. LARSON, Chapter 7 Trustee,

        Appellees.

---

**CORRECTED REPLY IN SUPPORT OF RENEWED MOTION FOR STAY PENDING APPEAL**

---

Alexander N. Kim and Laura J. Foster ("Debtors"), through counsel, respectfully submit their Reply in Support of their Renewed Motion for an Order Staying JP Morgan Chase Bank, N.A. ("Chase Bank") from all collection actions, including a foreclosure on a deed of trust, pending the Debtors' Appeal of this Court's March 2, 2018 Order, and Final Judgment of March 9, 2018, and state as follows:

**A.    INTRODUCTION**

Chase Bank makes two primary arguments in its Response: (1) that the Debtors cannot prove their Appeal will have a likelihood of success on the merits; and (2) that Chase Bank will suffer

some de minimus harm by paying the real estate taxes and insurance on the Debtors' Property. First, the Debtor's appeal presents a significant issue on appeal: namely whether Chase Bank satisfied Colorado's lost instruments statute after it admitted that it did not have possession of the original promissory note. Second, any costs incurred by Chase Bank are vastly outweighed by the Debtor's adequate protection payments along with the expenses they incurred to maintain and upkeep their Property.

**B.   ARGUMENT**

    1.   <u>Debtors' Costs</u>

During the course of their bankruptcy case while it was in Chapter 11 (and for several months after conversion of the case to Chapter 7), the Debtors made monthly adequate protection payments of $4,500, for a total of $136,000. The Debtors did so based upon Chase Bank's false representation that it held the original Washington Mutual Bank, FA ("WaMu") promissory note. A fact that was later proven false by Chase Bank's own admission when it filed a Lost Instrument Bond in November 2015. Chase Bank's Response fails to acknowledge these payments. If Chase Bank is determined not to be the holder of the WaMu note, then the Debtors have already paid Chase Bank more than any "out of pocket" costs that Chase Bank incurred.

However, the Debtors have also paid thousands of dollars to maintain their Property since filing for bankruptcy relief. Such expenses include the following:

    a.    re-drilling of water well in 2012 and replacement of pump in 2016, total cost: $15,000;

    b.    annual payments for Spring Park irrigation water rights for the 46 acres: $40,000;

    c.    annual maintenance and repairs to farm's irrigation system: $10,000;

      d.      annual maintenance and repairs to fencing: $1,500;

      e.      annual repairs to roof and skylights from snow damage: $3,000;

      f.      maintenance and repairs to heating system: $1,200;

      g.      maintenance and repairs to the fire pond and vault for the building's fire sprinkler system: $1,000;

      h.      annual maintenance and repairs of gravel driveway: $1,600;

      i.      annual maintenance and repairs of landscaping and yard irrigation system: $2,500;

      j.      maintenance and repairs to fixtures, plumbing and electric: $1,500;

      k.      annual fire mitigation of property: $2,000;

      l.      pending repairs from the smoke and soot damage from the July 2018 Lake Christine fire: amount unknown

      m.      For a total of $79,300.

As set forth in their Renewed Motion, the Debtors face, and Chase Bank has threatened, eviction from their family home of many years. Their Property is not just their home, it also is the base of operations for their catering business. The Property contains a licensed, inspected and insured commercial kitchen facility, for their 23 year business, as well as an 18 year 46+ acre irrigated farm. As such, it serves not only as residence, but the source of their income.

If a stay pending appeal is not granted, Chase Bank will foreclose and evict the Debtors. *Response, p. 7.* The Debtors would then be forced to relocate their business, including moving their commercial kitchen, to a new location, let alone relocating themselves and their child. These steps are likely to be prohibitively expensive, time consuming, and perhaps not even possible in the short time afforded them under Colorado law. *See* Colo.Rev.Stat. §13-40-101, et seq. (2018).

The Debtors have no other adequate remedy at law against Chase Bank. *See In re Grand Traverse Development Co. Ltd. Partnership*, 151 B.R. 792 (W.D.Mich. 1993). The loss of their business location and home cannot be compensated by money damages. *Id.* It is axiomatic that every parcel of real property is unique. *Sportsmans Wildlife Defense Fund v. U.S. Dept. Interior*, 949 F.Supp. 1510, 1523 (D.Colo. 1996). The Debtor's Property is exceptionally unique because of its nature as their home and the center of their business operations.

Conversely, Chase Bank only incurs a delay in the foreclosure process if a stay is granted. Its only collateral (which is disputed) is the Property – something that is incapable of being moved. As a result, there is little, if any, harm to Chase Bank if a stay is granted.

2.  Possibility of Success on the Merits.

Chase Bank next asserts that this Court should ignore the majority of courts across the country and refuse to adopt the "substantial possibility" standard for the third prong of the factors for consideration of a stay pending appeal. *Response, pp. 5-6.*

In *In re Sabine Oil & Gas Corporation*, 551 B.R. 132 (Bankr.S.D.N.Y. 2016), the court adopted a "substantial possibility" standard, rather than a "likelihood of success" standard. This test is considered an intermediate level between 'possible' and 'probable' and is intended to eliminate frivolous appeals. *Id.* (*citing In re 473 West End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (citing to *Country Squire*, 203 B.R. 182, 184 (B.A.P.2d Cir. 1996))). The probability of success that a movant must demonstrate in order to obtain a stay pending appeal "is inversely proportional to the amount of irreparable injury that [movant] will suffer absent a stay; in other words, 'more of one excuses less of the other.'" *In re Sabine Oil & Gas Corporation*, 551 B.R. at 146; *see also Mohammed v. Reno,* 309 F.3d 95, 101 (2d Cir. 2002) ("we see considerable merit in

the approach expressed by the District of Columbia Circuit: "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors."). *But see, In re Drislor Associates*, 110 B.R. 937 (D.Colo. 1990)(earlier standard requiring debtor to show likelihood of success on appeal).

The Debtors assert that this Appeal presents a significant issue for this Court to decide. *In re Miller*, 666 F.3d 1255, 1263 (10th Cir 2012), this Court held that when a note is indorsed in blank, it "becomes payable to bearer and may be *negotiated by transfer of possession* alone until specifically indorsed." *Id.* citing Colo.Rev.Stat. § 4-3-205(b) (emphasis in original).  This Court further held that "'[p]ossession is an element designed to prevent two or more claimants from qualifying as holders who could take free of the other party's claim of ownership.'" *In re Miller*, 666 F.3d at 1263-64 (quoting *Georg v. Metro Fixtures Contractors, Inc.,* 178 P.3d 1209, 1213 (Colo.2008)(citation omitted). "With rare exceptions, those claiming to be holders have physical ownership of the instrument in question." *Id.* (citation omitted).  In the case of bearer paper, physical possession is essential because it constitutes proof of ownership and a consequent right to payment. *Id.*

Here, the Debtors assert, as was shown at the hearing on their Objection to Chase Bank's Proof of Claim, that Chase Bank had no competent or admissible evidence to support their position that: (1) that Chase Bank ever took possession of the original promissory note from WaMu and that it had possession and was entitled to enforce the Note it when loss of possession occurred; (2) that Chase Bank actually lost the note, purportedly when it allegedly transferred the note to its foreclosure counsel, who had no record of actually receiving the original note or returning the original note to Chase Bank.  Chase Bank's position was contrary to substantial competent evidence before the

Bankruptcy Court demonstrating that Chase Bank had never had possession of the original note, and Chase Bank could not produce competent or admissible evidence about the circumstances surrounding the loss of the original note. Indeed, Chase Bank did not admit that the original note was lost until more than five (5) years into the Debtors' bankruptcy case, and only when ordered to bring the original note to court.

In reaching its decision, the Bankruptcy Court engaged in speculation by stating: "*Presumably* this loss occurred sometime after the May 12, 2010 transmission of the original documents to Chase's prior attorney, but no precise date was identified." (emphasis added). The Bankruptcy Court further stated: "In this case, there is no question that (the) original paper Note was lost, *possibly* in transmission to or from Chase's prior counsel." (emphasis added). Evidence that these findings are not only speculative, but incorrect, can be found in the Bankruptcy Court's finding that the foreclosure documents had been transmitted to Chase Bank's foreclosure counsel on May 12, 2010. However, this was six weeks after the first foreclosure was filed on March 29, 2010, the commencement of which requires tender of the original note to the Public Trustee at the time of filing the foreclosure. Chase Bank had the burden of proof to establish all three elements of the lost instrument statute prove all of these facts by clear and convincing evidence, which it clearly did not do. *See Gooch v. Rodewald*, 164 Colo. 88, 432 P.2d 755 (1967).

Thus, unlike the circumstances in *In re Miller*, where the bank was ultimately able to provide the original note, this Appeal concerns Chase Bank's wholesale failure to prove its standing with competent and admissible evidence. Rather, the Bankruptcy Court relied entirely on hearsay evidence and evidence of a person without any personal knowledge of the original promissory note. In other words, the Bankruptcy Court relied on double hearsay to find that Chase Bank actually came

into possession of the WaMu note. Such finding is wholly contrary to Colorado law. Thus, the Debtors have a substantial possibility of success on the merits.

Even if the "likelihood of success" standard applies however, the Debtors have still met that requirement. Chase Bank attempts to argue in reverse that because it has posted a bond, they do not need to prove that it ever held the note. Such an argument is contrary to Colorado law. It is axiomatic that evidence of the former existence, execution, delivery, loss and contents of a lost instrument must be made by clear and convincing evidence. *Gooch v. Rodewald*, 164 Colo. 88, 432 P.2d 755.

Chase Bank must first prove that it held the WaMu Note. As set forth above, Chase Bank relied entirely on inadmissible hearsay and circumstantial evidence for such proposition. Then, Chase Bank must prove that it lost it through no fault of its own. Chase Bank allegedly transferred the original WaMu Note to its foreclosure counsel, but it has no definitive proof. No transmittal letter, no receipt, no acknowledgment. Then, allegedly, Chase Bank's foreclosure counsel lost it when he sent it back. Again, no proof of transmission, no receipt, no acknowledgment. Clearly, Chase Bank did not meet the higher burden of proof that it ever held the WaMu note or that if it did, it lost the note. *Id.* As a result, the Debtors' Appeal has a likelihood of success.

**C.     CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court grant this Motion, impose a Stay Pending Appeal without requiring the Debtors to post a bond on this Court's March 2, 2018

Order, and Final Judgment of March 9, 2018, and for such other relief as this Court deems appropriate.

DATED: August 13, 2018.                    Respectfully submitted,
                                           BUECHLER & GARBER, LLC

                                           */s/ Kenneth J. Buechler*

                                           _____
                                           Kenneth J. Buechler, #30906
                                           999 18th Street, Suite 1230-S
                                           Denver, Colorado  80202
                                           Tel: 720-381-0045
                                           Fax: 720-381-0382
                                           ken@BandGlawoffice.com

## CERTIFICATE OF SERVICE

      I do hereby certify that on August 13, 2018, I caused to be delivered a true and correct copy of the foregoing **CORRECTED REPLY IN SUPPORT OF RENEWED MOTION FOR STAY PENDING APPEAL,** via CM/ECF and/or United States Mail, postage prepaid, to the following:

Alexander N. Kim
Laura J. Foster
69 Vista Hi Drive
Carbondale, CO 81621

Cynthia Lowery-Graber
Paul J. Lopach
Craig Schuenemann, Esq.
1700 Lincoln Street, Ste. 4100
Denver, CO 80203

Douglas Larson
422 White Ave., Ste. 323
Grand Junction, CO 81501

Matthew D. Skeen
P.O. Box 218
Georgetown, CO 80444

Alison Goldenberg
US Trustee 11
Byron G. Rogers Federal Bldg
1961 Stout Street, Ste. 12-200
Denver, CO 80294

 

*/s/ Sharon E. Fox*
_____
For Buechler & Garber, LLC