IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02928-PAB
(Bankruptcy No. 10-33960 MER, Chapter 7)

In re:

ALEXANDER N. KIM and
LAURA J. FOSTER,

    Debtors.

---

ALEXANDER N. KIM and
LAURA J. FOSTER,

    Appellants,

v.

JP MORGAN CHASE BANK, N.A., and
DOUGLAS E. LARSON, Chapter 7 Trustee,

    Appellees.

---

## ORDER

---

This matter is before the Court on the Renewed Motion for Stay Pending Appeal [Docket No. 44] that was filed by debtors Alexander N. Kim and Laura J. Foster.

This case arises out of efforts by JP Morgan Chase Bank, N.A. ("Chase") to collect on a $2,000,000 note (the "Note") secured by debtors' real property in Carbondale, Colorado. Docket No. 28 at 2. Debtors filed for Chapter 11 bankruptcy on September 21, 2010. *Id.* After converting debtors' case to a Chapter 7 bankruptcy on May 9, 2013, the Bankruptcy Court granted Chase relief from the automatic stay to foreclose on debtors' property. *Id.* at 3. On September 3, 2015, debtors filed an

objection to Chase's claim on the basis that Chase was not in possession of the Note. *Id.* Following a two-day evidentiary hearing, the Bankruptcy Court entered a written order finding that (1) the Note was lost, (2) Chase was in possession of the original Note and entitled to enforce it pursuant to Section 4-3-309 of the Colorado Uniform Commercial Code, and (3) the lost instrument bond posted by Chase adequately protected debtors from having to pay twice on the Note. *Id.* at 3-4. This Court affirmed the Bankruptcy Court's order on March 2, 2018. Docket No. 28. On May 2, 2018, debtors filed a notice of appeal to the U.S. Court of Appeals for the Tenth Circuit. Docket No. 34. On July 30, 2018, debtors filed their motion for a stay. Docket No. 44. Debtors seek an order preventing Chase from pursuing any collection actions, including foreclosure on debtors' real property, pending the outcome of debtors' appeal. Docket No. 44 at 1.

A motion for stay pending appeal is governed by the same standards applicable to preliminary injunction motions. *See Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015). Accordingly, in ruling on debtors' motion for a stay, the Court will consider four factors: "(1) whether [debtors have] made a strong showing that [they are] likely to succeed on the merits; (2) whether [debtors] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).[1]

---

[1]Debtors argue that they need only demonstrate a "substantial possibility" of success on appeal, which is a lower standard than a "likelihood" of success. Docket No. 44 at 9. The Tenth Circuit previously allowed for a lesser showing of the likelihood-of-success requirement in cases where the remaining preliminary injunction factors

2

With respect to the first factor, debtors make four arguments that the Bankruptcy Court's order – and this Court's subsequent affirmance of that order – was in error. First, debtors contend that both orders rely on the faulty premise that the parties agreed that the original note was lost. Docket No. 44 at 10. Debtors argue that there was no such agreement because they maintained throughout the litigation that there was no competent evidence demonstrating that Chase ever had possession of the note. Second, debtors contend that both this Court and the Bankruptcy Court relied on inadmissible hearsay evidence in finding that Chase possessed the note. *Id.* Third, debtors argue that the Bankruptcy Court impermissibly relied on the testimony of Chase's witness for the truth of the matter asserted rather than for the limited purpose of showing that certain documents were contained in Chase's records. *Id.* at 11. Finally, debtors assert that there is no competent evidence demonstrating that Chase actually lost the note. Docket No. 47 at 6.

The Court finds that debtors have failed to demonstrate a likelihood of success on the merits. All four of the arguments raised in debtors' motion for a stay were addressed in this Court's March 2, 2018 order. With regard to debtors' first and second arguments, this Court determined that the Bankruptcy Court relied on competent

---

tipped strongly in the movant's favor. *See, e.g.*, *FTC v. Mainstream Marketing Servs., Inc.*, 345 F.3d 850, 852-53 (10th Cir. 2003). In *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276 (10th Cir. 2016), however, the Tenth Circuit concluded that "any modified test which relaxes one of the prongs for preliminary relief" is inconsistent with the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *Diné Citizens*, 839 F.3d at 1282; *see also Zeppelin v. Fed. Highway Admin.*, 305 F. Supp. 3d 1189, 1200 (D. Colo. 2018) (noting Tenth Circuit's abrogation of modified standard for preliminary relief). The Court will therefore apply the traditional factors to determine debtors' entitlement to a stay.

3

evidence in finding that Chase took possession of the note in 2009. Docket No. 28 at 9. That evidence included a screenshot of a business record showing that the note was scanned into Chase's system on September 17, 2009 and the testimony of Marilyn Lea, a mortgage banking research officer for Chase, regarding the authenticity of the screenshot. *Id.* at 7. Although debtors argued on appeal that Ms. Lea's testimony did not lay a proper foundation for admitting the screenshot under the business records hearsay exception, this Court found that Ms. Lea's lack of personal knowledge of the note was irrelevant to the screenshot's admissibility. Docket No. 28 at 8. The Court based its conclusion on Tenth Circuit precedent establishing that a proper foundation for the business record exception may be laid "by anyone who demonstrates sufficient knowledge of the record keeping system that produced the document." *Hardison v. Balboa Ins. Co.*, 4 F. App'x 663, 669-70 (10th Cir. 2001) (unpublished); *see also FDIC v. Staudinger*, 797 F.2d 908, 910 (10th Cir. 1986) ("[T]here is no requirement that the party offering a business record produce the author of the item."). Debtors do not contend that the Court misapplied this precedent. Accordingly, they have not shown that their first and second arguments are likely to prevail on appeal.

Debtors' third argument is equally unavailing. Debtors contend that the bankruptcy court's reliance on certain testimony and documents for the truth of the matter asserted violated its own limiting instruction with regard to the purpose for which that evidence was admitted. Docket No. 44 at 11. However, the Court rejected the same argument in its March 2, 2018 order, finding that "[t]he bankruptcy court's limitation [was] consistent with the purpose for which Chase offered the screenshot: to establish that Chase had the Note in its files." Docket No. 28 at 8-9. Debtors simply

repeat their argument without offering any explanation of why this Court's prior holding was in error.

Finally, the Court has already addressed at length debtors' contention that Chase failed to prove the loss of the Note by clear and convincing evidence. *See* Docket No. 28 at 11. In their motion for a stay, debtors fail to explain how the evidence cited in the Court's March 2, 2018 order as supportive of the Bankruptcy Court's decision was insufficient to satisfy Chase's evidentiary burden. Thus, debtors have failed to show that any of their arguments are likely to succeed on appeal.

As to the second stay factor, debtors contend that they will be irreparably harmed absent a stay because Chase would be free to foreclose on their property. Docket No. 44 at 7. Debtors state that the property serves not only as their home, but also as the site of their catering business. *Id.* Foreclosure would therefore disrupt both their present living situation and their source of income. *Id.* at 7-8. Chase responds that debtors' asserted harm is "greatly exaggerated," as "Chase has yet to begin the foreclosure process which in Colorado averages about six months to complete." Docket No. 46 at 7. Chase contends that, in that six-month period, debtors would have the opportunity to "save for and procure alternate living and business arrangements." *Id.* at 7-8. The Court finds that debtors are likely to suffer irreparable harm absent a stay. The second stay factor therefore weighs in favor of debtors.

The third stay factor "requires that the possible harm to [debtors] if the [stay] is not entered be balanced against the possible harm to [Chase] if the [stay] is entered." *Pelletier v. United States*, No. 11-cv-01377, 2011 WL 2077828, at *4 (D. Colo. May 25, 2011). Chase contends that a stay would cause it irreparable economic harm because

Chase has not received any payments on debtors' mortgage since August of 2013. Docket No. 46 at 6. Additionally, Chase has been paying taxes and insurance on the property because both expenses are escrowed into the mortgage loan. *Id.* at 7. Chase contends that it "cannot pursue Debtors for damages because of the discharge of the personal liability under the mortgage," and thus Chase's losses on the property are unrecoverable. *Id.* Debtors respond that their monthly protection payments and property maintenance expenditures are sufficient to compensate Chase for any out-of-pocket costs it has incurred. Docket No. 47 at 2. Importantly, however, debtors do not dispute that they have made no payments on the mortgage since August 2013. *See id.* (stating that debtors made monthly protection payments "[d]uring the course of their bankruptcy case while it was in Chapter 11 (and for several months after conversion of the case to Chapter 7)"); *see also* Docket No. 28 at 3 (noting that the Bankruptcy Court converted debtors' case to a Chapter 7 bankruptcy on May 9, 2013). Nor do they cite any authority for the proposition that their routine upkeep of the property constitutes adequate compensation for Chase's ongoing payment of the property taxes and insurance. Particularly in light of the Court's finding that debtors are unlikely to succeed on the merits of their appeal, debtors have not shown that the balance of harms clearly tips in their favor.

The Court also finds that the public interest weighs in favor of denying debtors' request for a stay. Debtors' only argument on this factor is that Chase has "repeatedly abused the legal process" by commencing foreclosure proceedings in contravention of the Bankruptcy Court's orders and that denial of a stay will only encourage further abuse of the legal process. Docket No. 44 at 12. However, there are a variety of

remedies for a party's failure to abide by court orders – a stay pending appeal is not one of them. By comparison, courts have consistently recognized a strong public interest in the enforcement of contractual obligations. *See, e.g.*, *Medina v. Citifinancial, Inc.*, 2010 WL 11432624, at *3 (D.N.M. May 3, 2010) (noting the "strong public interest in requiring adherence to contracts"). The Court therefore concludes that the fourth stay factor weighs in favor of Chase.

Having determined that three out of four of the relevant factors weigh against the issuance of a stay in this case, the Court will deny debtors' request for a stay pending appeal. *See Village of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014) (unpublished) ("[A] plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted."); *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (unpublished) ("A party seeking a preliminary injunction must prove that *all four* of the equitable factors weigh in its favor . . . ."). Wherefore, it is

**ORDERED** that debtors' Renewed Motion for Stay Pending Appeal [Docket No. 44] is **DENIED**.

DATED October 23, 2018.

                                                          BY THE COURT:

                                                          s/Philip A. Brimmer
                                                          PHILIP A. BRIMMER
                                                          United States District Judge